IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Date: February 20, 2009

Courtroom Deputy: Nel Steffens
Court Reporter: Suzanne Claar
Probation Officer: Robert Ford

**Criminal Action No.**     08–cr–00288–REB

*Parties:*                                      *Counsel:*

UNITED STATES OF AMERICA,        Kurt Bohn

    Plaintiff,

v.

1. PHILLIP D. McCALL,                  Matthew Golla

    Defendant.

## SENTENCING MINUTES

**10:00 a.m.    Court in session.**

Appearances of counsel. Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § and F.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Mr. Golla informs the Court that he has read and discussed the presentence report with the defendant.

Mr. Golla makes a statement on behalf of the defendant, offers information in mitigation of his punishment and comments on the probation officer's determinations and other

matters affecting sentence.

Defendant is sworn.

Statement by the defendant.

Statement by Mr. Bohn.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report (and addendum / addenda).
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

Mr. Bohn orally moves to dismiss with prejudice Counts One and Two of the Indictment.

**It is ORDERED as follows**:

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's oral motion to dismiss with prejudice Counts One and Two of the Indictment is GRANTED. Counts One and Two of the Indictment are dismissed with prejudice.

3. That the United States' Motion for Downward Departure (#36, filed February 13, 2009) is GRANTED consistent with the court's findings and conclusions and following orders.

4. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts Three and Four of the Indictment.

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty-two months**

on each of Counts Three and Four, to be served concurrently.

6. That on release from imprisonment, the defendant shall be placed on supervised release for a term of three years on each of Counts Three and Four, to be served concurrently; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

7. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a).

8. That while on supervised release, the defendant shall comply with all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances.

9. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    • that the defendant shall not violate any federal, state, or municipal statue, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    • that the defendant shall not possess or use illegally controlled substances;

    • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    • that the defendant shall cooperate in the collection of a sample of his DNA;

    • that the defendant shall submit to one drug test within fifteen (15) days from his release from prison, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    • that the defendant shall, at his expense, unless then indigent, shall undergo a mental health evaluation and an alcohol substance abuse evaluation, and thereafter, again at his own expense and directed by his probation officer, shall receive any treatment, therapy, counseling, testing or education prescribed by the evaluations or as directed by his probation officer or as ordered by the court. The defendant shall abstain from the use of alcohol and

3

        other intoxicants during the course of any such treatment, counseling, therapy, testing, or education. To ensure continuity of treatment, the Probation Department is authorized to release mental health records and reports of the defendant and the presentence report to any person or entity responsible for or involved in the treatment of the defendant.

10. That no fine is imposed.

11. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200.00.

12. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

13. That the defendant may voluntarily surrender and report, at his expense, to the institution designated by the Bureau of Prisons by no later than **noon on April 3, 2009.**

14. That the court finds that the defendant is not likely to flee or be a danger to self or others and that bond is continued.

The Defendant waives formal advisement of appeal.

Court addresses defendant.

**10:25 a.m.    Court in recess.**

Total time in court:   00:25

Hearing concluded.